PeaRSoh, J,
 

 This is a petition in Equity, under the 3rd sec. of the 39th ch. of the Revised Statutes, by a wife, for alimony.
 

 The plaintiff alleges that her husband frequently offered personal violence to your petitioner, and wholly abandoned and deserted his family, who Wei's in great poverty and distress for the necessaries of life,”
 
 “
 
 that your petitioner and her husband have not lived together as man and Wife for the past six years, and have not so much as spoken to each other for the past two years, all of which is without any just cause on his part.” She then alleges that her father has lately died intestate, whereby she has become entitled to a distributive share of his estate. The administrator is made a party, and the prayer is for alimony, and that her husband be enjoined from receiving the distributive share. The administrator answers and submits to an account. The husband answers and denies that he ever offered personal violence to the plaintiff, or that he abandoned and deserted his family; on the,contrary, he alleges that she is a lazy, dirty woman, and although able bodied, and in good health, so far from working to assist him in supporting the family, she wasted his hard earnings; and when he happened to be taken sick while working from home, and was confined for many weeks by a dangerous disease, instead of coming to see him, she took occasion to desert their home, and after his recovery, she refused to comeback and live with him, and actually refused to speak to him on several
 
 *22
 
 occasions, when lie songht an interview with the hope offering iag afeont a reconciliation.
 

 There was replication, commissions and depositions taken on both sides, and the cause was
 
 then set for
 
 hearing, and transferred to the Supreme Court for trial fey consent.
 

 The cause is not properly in this Court. In the 5th sec. of the statute, “ Divorce and Alimony,” it is provided that in all suits commenced under this act, the material facts charged in the petition, shall fee submitted to a jury,
 
 wpon whose verdict, cmd not
 
 otherwise,
 
 the Oomd shall deoree; cmy rule or practice to the cont/rary
 
 notwithstanding.” So, a cause of this kind, cannot be heard except upon
 
 the issues
 
 found by the verdict of a jury; of course it cannot fee set for hearing except upon petition, answers and the
 
 issues found:
 
 and the order setting it for healing upon the petition, answers and proofs taken, was improvidently made. So the cause was not in a condition to fee transferred to this Court for trial, and must be remanded to the end that the parties may proceed as they may be advised.
 

 Perhaps, it is proper to call the attention of petitioner’s counsel to the fact, that there is no allegation of “the three years residence of the parties in this State.” And there may be a question whether a wife can sue for alimony under the 3d sec. of the statute, unless she also prays for a divorce from bed and board. There is no allegation that the husband is an habitual drunkard or spendthrift, to bring the case under the 4th sec.
 

 Pee. OuRIAm. Decree.